IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Yahya Muqit, Tyrone Ransom, | ) Case No. 8:15-cv-04312-RBH-JDA |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) **REPORT AND RECOMMENDATION** |
| | ) |
| South Carolina Department of Corrections, | ) |
| Christopher A. Duval, Grealin D. Frazier, | ) |
| | ) |
| Defendants. | ) |

This matter is before the Court on a motion to remand filed by Plaintiffs. [Doc. 28.] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2), D.S.C., this magistrate judge is authorized to review all pretrial matters in this case, and to submit findings and recommendations to the District Court.

Plaintiffs filed this action in the South Carolina Court of Common Pleas in Richland County on January 23, 2015, asserting state law claims. [Doc. 1-1.] On October 21, 2015, Defendants removed the action to this Court, alleging that Plaintiffs were asserting federal constitutional claims under 42 U.S.C. § 1983. [Doc. 1.] Defendants filed a motion for summary judgment on February 25, 2016. [Doc. 19.]

On March 28, 2016, Plaintiffs filed a motion to remand. [Doc. 28.] A response in opposition to the motion to remand was filed by Defendants on April 14, 2016. [Doc. 35.] In the response, Defendants note that Plaintiffs' Amended Complaint, attached to the motion to remand, has never been filed, and Plaintiffs did not file a motion to amend their Complaint. [Doc. 35 at 1.] Having carefully considered the parties' submissions and the applicable law, the Court concludes that Plaintiffs' motion to remand should be granted.

## BACKGROUND

Plaintiffs' Complaint, filed in Richland County, states "[t]his is an action brought exclusively under the South Carolina Tort Claims Act against the South Carolina Department of Corrections." [Doc. 1-1 at 8.] Plaintiffs' Complaint alleges that on April 3, 2013, Defendant Christopher A. Duval sprayed Plaintiffs with chemical munition gas. [Doc. 1-1 at 10.] Additionally, the Complaint asserts Defendant Grealin D. Frazier grossly and negligently applied a choke hold to Plaintiff Ransom. [*Id.*] Plaintiffs assert Defendants acted in a grossly negligent manner, thus subjecting Plaintiffs to mental and physical anguish and physical injury. [*Id.* at 11.]

## APPLICABLE LAW

A defendant in a case in a state court may remove that case to a federal district court only if the state court action could have been originally filed in a federal district court. *See* 28 U.S.C. § 1441. Jurisdiction is established based on the allegations of the plaintiff's complaint filed in state court. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Federal courts are presumptively without jurisdiction over civil matters, and the burden of establishing the contrary rests upon the party seeking jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The United States Court of Appeals for the Fourth Circuit has consistently held that removal jurisdiction should be strictly construed because of the significant federalism concerns that it raises. *Mulcahey v. Columbia Organic Chemicals Co.*, 29 F.3d 148, 151 (4th Cir. 1994). For this reason, federal courts must resolve any doubts regarding federal jurisdiction in favor of remanding to the state court. *Id.* As a general rule, absent diversity jurisdiction, a case will not be

removable if the complaint does not affirmatively allege a federal claim. *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003).

## DISCUSSION

Plaintiffs seek to have this action remanded to state court because this Court lacks subject matter jurisdiction. [Doc. 28 at 1.] The notice of removal filed by Defendants asserts that Plaintiffs' claims are removable because this Court has original jurisdiction over this action under 28 U.S.C. § 1331 as it involves a federal question arising under the laws of the United States. [Doc. 1.] Specifically, Defendants argue that Plaintiffs' claims constitute Eighth Amendment excessive force claims, not negligence claims. [Doc. 35 at 3–5.] Section 1331 provides that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. For federal jurisdiction to lie, a right or immunity created by the Constitution or the laws of the United States must be an essential element of the plaintiff's claim. *Gully v. First Nat'l Bank*, 299 U.S. 109, 112–13 (1936). It is well settled that the determination of federal question jurisdiction is governed by the "well-pleaded complaint rule," which requires for the exercise of federal jurisdiction based upon 28 U.S.C. § 1331 that a federal question be presented on the face of the plaintiff's well-pleaded complaint. *Harless v. CSX Hotels, Inc.*, 389 F.3d 444, 450 (4th Cir. 2004) (citing *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004)). The plaintiff is the master of the complaint and may avoid federal jurisdiction by exclusively relying upon state law. *Caterpillar*, 482 U.S. at 398–99. Federal question jurisdiction does not exist if there is not a federal question on the face of the plaintiff's complaint. *Gully*, 299 U.S. at 111–13.

Here, Plaintiffs' Complaint specifically states that the action is brought *exclusively* under the South Carolina Tort Claims Act. [Doc. 1-1 at 8 (emphasis added).] Plaintiffs disavow any federal claims and maintain they wish to raise only state law claims under the South Carolina Torts Claims Act against Defendants. [Doc. 28.] As masters of their claims, Plaintiffs may choose to rely exclusively on state law as the basis for their claims. Defendants argue that this Court has subject matter jurisdiction because Plaintiffs are attempting to couch their claims for excessive force as claims for negligence, and this should not be allowed. [Doc. 35 at 3.] However, it is Plaintiffs' choice to proceed under state law, which may not make available all remedies that they seek. In the instant case, the face of Plaintiffs' Complaint does not present a federal question. *See Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27–28 (1983) (stating that "Congress has given the lower federal courts jurisdiction to hear, originally or by removal from a state court, only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law"). For this reason, the Court finds that Plaintiffs' claims do not arise under federal law and consequently, this Court does not have subject matter jurisdiction.

## RECOMMENDATION

Wherefore, based upon the foregoing, the Court recommends that Plaintiffs' motion to remand [Doc. 28] be GRANTED and this matter be REMANDED to the South Carolina

4

Court of Common Pleas in Richland County.  It is further recommended that Defendants'

motion for summary judgment [Doc. 19] be FOUND AS MOOT.[1]

    IT IS SO RECOMMENDED.

                                                              s/Jacquelyn D. Austin
                                                              United States Magistrate Judge

April 28, 2016
Greenville, South Carolina

---

[1] On April 7, 2016, the Court issued an Order warning Plaintiffs of the possible consequences for failing to respond to Defendants' motion for summary judgment. [Doc. 32.] However, upon review of the motion to remand, the Court has determined it does not have subject matter jurisdiction in this action and therefore remand is appropriate.